UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61354-CIV-COHN/SELTZER

PATRICIA L. KENNEDY,

        Plaintiff,

v.

STEVE M. GROVA and
ARLENE C. GROVA,

        Defendants.

_____/

## ORDER VACATING CLERK'S DEFAULT AGAINST ARLENE GROVA AND GRANTING EXTENSION OF TIME TO RESPOND TO COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Arlene C. Grova's Motion to Set Aside Clerk's Default Against Arlene Grova and to Grant Extension of Time for Her to File Response to Complaint [DE 21].  The Court has considered the motion, Plaintiff Patricia L. Kennedy's Response [DE 26], Ms. Grova's Reply [DE 28], and the record in this case, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff Patricia L. Kennedy filed this action on June 15, 2011, [DE 1] and purportedly served both Defendants on August 12, 2011 [DE's 10, 11].[1]  When Defendants failed to appear, answer, or otherwise plead to the Complaint, Plaintiff moved for a Clerk's entry of default against both Defendants on October 20, 2011 [DE 12].  The next day, on October 21, 2011, the Clerk entered the defaults [DE 14].

On November 16, 2011, Plaintiff filed her Motion for Final Default Judgment [DE 16] and Verified Motion for Attorney Fees, Costs, and Litigation Expenses [DE 17].

---

[1]    In a separate motion, Defendant Steve M. Grova challenges the validity of service against him.  See Motion to Quash Service of Process and Vacate Clerk's Default Against Steve M. Grova [DE 27].  In the motion at issue in this Order, Ms. Grova does not challenge the validity of service against her.

Shortly after, on November 18, 2011, Ms. Grova filed the instant motion, requesting that the Court set aside the default entered against her and allow her to respond to the Complaint.

In support of her motion, Ms. Grova explains that she mistakenly believed that the papers served upon her in this case were related to an earlier lawsuit, Access for the Disabled, Inc. & Robert Cohen v. Steve Grova & Arlene Grova, Case No. 05-61378-CIV-COHN ("2005 Case").  That case was resolved by Consent Decree on June 5, 2006.  See Order Approving and Entering Consent Decree [DE 30] in 05:-61378-CIV-COHN.  The instant motion represents that "[w]hen served with the *Complaint* in the instant case, Defendant Arlene Grova, a 74 year old woman who lives alone, had been recently hospital[ized] and was unable to attend to the affairs of life due to illness.  She was unable to consult with counsel or understand the significance of the summons and complaint.  She mistakenly thought [the Complaint] related to the earlier litigation and simply put it aside."  Mot. at 3; see also Declaration of Arlene Grova [DE 21-6] ¶¶ 5-6.  Ms. Grova did not realize that the Complaint related to a different lawsuit and required her to take action until her son visited her the second week of November 2011 and came across the documents.  Mot. at 3; see also Decl. of Arlene Grova ¶¶ 8-9.

## II. DISCUSSION

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible."  Creative Tile Marketing, Inc. v. SICIS Intern., S.r.L., 922 F. Supp. 1534, 1536 (S.D. Fla. 1996).  A court may set aside a clerk's default for good cause shown.  Fed. R. Civ. P. 55(c); see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Avacion, 88 F.3d 948, 951 (11th Cir. 1996).  "'Good cause' is a mutable standard,

2

varying from situation to situation.  It is also a liberal one—but not so elastic as to be devoid of substance." Compania Interamericana, 88 F.3d at 951.  To determine whether good cause exists, the Court considers "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id.

First, Ms. Grova emphasizes that her default was not culpable or willful, as her "mistake was innocent; she was impaired; she [was] unable to attend to the affairs of life and was confused by the similarity of the parties, and what appeared to be identical allegations concerning identical property for which a *Consent Decree* had previously been entered." Mot. at 4.  In response, Plaintiff argues that Ms. Grova's conduct was culpable or willful because she was released from the hospital on September 2, 2011, but did not alert the Court to her hospitalization until November 18, 2011.  See Resp. at 4.  Plaintiff also contends that illness, by itself, should not be sufficient to set aside a default.  See id. at 3-4.  Ms. Grova explains, however, that she did not realize she had to respond to the Complaint until the second week of November when her son visited her and came across the Summons and Complaint.  See Mot. at 3.  She further notes that the similarity between this case and the 2005 case confused her.  See Mot. at 4.  Plaintiff argues that Ms. Grova's confusion is no excuse, especially when the Summons contained language warning Ms. Grova that her failure to respond would result in the entry of a judgment by default.  See Resp. at 4-5.  The Court disagrees, and finds that under the circumstances, Ms. Grova's behavior was neither culpable nor willful.

Second, Plaintiff concedes, that vacating the default will not prejudice Plaintiff in her ability to prosecute the case on the merits.  See Resp. at 5.  Plaintiff argues that the delay "would impact public policy as it would result in a greater delay in correcting the barriers to access at the property," Resp. at 5-6, but the standard is not whether the

3

delay would prejudice the public, but rather whether it would prejudice the adversary. See Compania Interamericana, 88 F.3d at 951.  Further, as Ms. Grova notes, "it is in the Plaintiff's best interest to have an actual party before [her] from whom to obtain the relief requested," Mot. at 4.

Third, and finally, Ms. Grova contends that she has a meritorious defense in that she "expressly denies any wrongdoing with regard to the allegations made in the instant case." Mot. at 5.  Plaintiff suggests that this denial does not constitute a meritorious defense because the Broward County, Florida records [DE 26-1] show Ms. Grova's name listed as an owner of the property at issue.  Nonetheless, in her Reply, Ms. Grova maintains her denial.  To the extent that the parties dispute the facts, this is not the appropriate time to resolve such a dispute.  Ms. Grova need only show that she has a meritorious defense, and she has done so here.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant Arlene C. Grova's Motion to Set Aside Clerk's Default Against Arlene Grova and to Grant Extension of Time for Her to File Response to Complaint [DE 21] is **GRANTED**.  The Clerk's Default [DE 14],as it relates to Defendant Arlene C. Grova, is hereby **SET ASIDE**.  Ms. Grova shall respond to the Complaint [DE 1] by no later than **December 23, 2011**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of December, 2011.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

4