UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61354-CIV-COHN/SELTZER

PATRICIA L. KENNEDY,

    Plaintiff,

v.

STEVE M. GROVA and
ARLENE C. GROVA,

    Defendants.
_____/

## ORDER QUASHING SERVICE OF PROCESS AND VACATING CLERK'S DEFAULT AGAINST STEVE GROVA

**THIS CAUSE** is before the Court upon Defendant Steve M. Grova's Motion to Quash Service of Process and Vacate Clerk's Default Against Steve M. Grova [DE 27]. The Court has considered the motion, Plaintiff Patricia L. Kennedy's Response [DE 27], and the record in this case, and is otherwise fully advised in the premises.

Plaintiff Patricia L. Kennedy filed this action on June 15, 2011, [DE 1] and purportedly served both Defendants on August 12, 2011 [DE's 10, 11]. When Defendants failed to appear, answer, or otherwise plead to the Complaint, Plaintiff moved for a Clerk's entry of default against both Defendants on October 20, 2011 [DE 12]. The next day, on October 21, 2011, the Clerk entered the defaults [DE 14].

On November 16, 2011, Plaintiff filed her Motion for Final Default Judgment [DE 16] and Verified Motion for Attorney Fees, Costs, and Litigation Expenses [DE 17]. Shortly after, on November 18, 2011, Mr. Grova filed the instant motion, requesting that the Court quash service of process as to Mr. Grova and vacate the default entered against him.

The Summons for Mr. Grova was issued naming "Steve M. Grova" at "1678 Osprey Ave The Villages FL 32162." See Summons [DE 1-2]. The Return of Service [DE 11] indicated that substitute service had been made on "Arlene Grova as wife" to

Steve Grova at "1678 Osprey Ave The Villages FL 32162." Arlene Grova is not Mr. Grova's wife; she is his mother. See Mot. at 1-2; Declaration of Arlene Grova [DE 19-2] ¶ 2; Declaration of Steve Grova [DE 19-3] ¶ 2. Mr. Grova does not and has not ever lived at "1678 Osprey Ave The Villages FL 32162." Mot. at 2; Decl. of Steve Grova ¶ 1; see also Decl. of Arlene Grova ¶ 1. Therefore, Mr. Grova argues that service was improper under Federal Rule of Civil Procedure 4, the Court has no personal jurisdiction over him, and as such, the default must be vacated.

In response, Plaintiff admits that she "has no personal knowledge as to the relationship between the two defendants." Resp. at 3. She additionally states that she "has no personal knowledge as to what information was exchanged between the process server and Defendant, ARLENE GROVA, at the time of service." Id. Plaintiff concedes, "Based upon the Declaration of Defendant [DE 19-3], it would appear that service of process did not comport with the requirements of Fed. R. Civ. P. 4. Assuming that to be the case, Plaintiff would acknowledge that the default entered by the Clerk of Court would be void and that Default Final Judgment would be improper." Id. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant Steve M. Grova's Motion to Quash Service of Process and Vacate Clerk's Default Against Steve M. Grova [DE 27] is **GRANTED**. The Clerk's Default [DE 14], as it relates to Defendant Steve M. Grova, is hereby **VACATED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of December, 2011.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF