UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61354-CIV-COHN/SELTZER

PATRICIA L. KENNEDY,

    Plaintiff,
v.

STEVE M. GROVA and
ARLENE C. GROVA,

    Defendants.
_____/

## ORDER GRANTING IN PART DEFENDANT ARLENE GROVA'S MOTION TO DISMISS COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Arlene C. Grova's Motion to Dismiss Complaint [DE 34] ("Motion"). The Court has considered the Motion and accompanying Memorandum of Law [DE 34-1] ("Memorandum"), Plaintiff Patricia L. Kennedy's Response [DE 35], Ms. Grova's Reply [DE 39], and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

According to the Complaint [DE 1], Plaintiff Patricia L. Kennedy is a wheelchair-bound individual with disabilities. Compl. ¶ 10. Plaintiff alleges that she encountered architectural barriers when she visited a strip mall property that Defendants Steve M. Grova and Arlene C. Grova operated, owned, or leased. Id. ¶¶ 7-8, 10. Plaintiff claims that the barriers denied or diminished her ability to visit the property and endangered her safety, but that she wishes to continue patronizing the premises in the future. Id. ¶¶ 10-11. Based on a preliminary property inspection, Plaintiff has identified various entrance, travel, and parking violations under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). Id. ¶¶ 15.

Accordingly, on June 15, 2011, Plaintiff filed this action for violation of the ADA against Defendants Steve M. Grova and Arlene C. Grova.  See Compl.  On December 19, 2011, the Court entered an Order Quashing Service of Process and Vacating Clerk's Default Against Steve Grova [DE 30].  Therefore, the claims are currently pending only against Ms. Grova.  Plaintiff seeks declaratory judgment, injunctive relief, attorneys fees, and costs.  Compl. at 7.

## II. DISCUSSION

In her Motion to Dismiss, Ms. Grova argues that Plaintiff fails to plead her claims with particularity and lacks standing.  Plaintiff responds that she meets the applicable pleading standards and has standing to bring her claims.  As described below, the Court finds that Plaintiff need not plead her claims with particularity, but the Complaint fails nonetheless under the general pleading standards.  Further, the Court finds that although Plaintiff has shown that she has standing to bring her claims in an individual capacity, she has not demonstrated standing in a representative capacity.

### A. The Complaint Fails to Meet the Pleading Standards

In order to state a claim under the general pleading standards, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under the heightened pleading standards, Federal Rule of Civil Procedure 9(b) dictates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

Ms. Grova argues that Plaintiff's Complaint fails under Rule 9(b) because it does not plead a specific date and time on which Plaintiff visited the facility at issue.  See

Mem. at 8.  Ms. Grova declares, "While Plaintiff's Complaint avers violations of the ADA and not fraud, the nature of her claims merits the heightened requirements of Federal Rule of Civil Procedure 9 and the requirement that allegations be plead 'with particularity.'" Mem. at 7.  The Motion and accompanying Memorandum include no case law, rule, or statute supporting this conclusion.  Without any authority or explanation for the proposition that an ADA claim is subject to heightened pleading standards, the Court declines to apply Rule 9(b) to Plaintiff's ADA claims.  Therefore, to survive dismissal, the pleading need only meet the general requirements of Rule 8.

To meet Rule 8's requirements, a complaint "does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Plaintiff argues that she meets Rule 8's requirements because she states each element required for her claim under Title III of the ADA.  See Resp. at 7-8.  While Plaintiff might state each element required to bring her claim in an individual a capacity,[1] the Complaint fails to plead a claim in a representative capacity.  The

---

[1] To state a *prima facie* case under Title III of the ADA, a plaintiff must plead that (1) she is disabled, (2) the property she visited is a place of public accommodation, and (3) she was denied full and equal treatment because of her disability.  See Access Now, Inc. v. S. Fla. Stadium Corp, 161 F. Supp. 2d 1357, 1363 (S.D. Fla. 2001); see also Access 4 All, Inc. v. Bamco VI, Inc., No. 11-61007-CIV, 2012 WL 33163, at *2 (S.D. Fla. Jan. 6, 2012).  Plaintiff has alleged each of these elements in an individual capacity.  See Compl. ¶¶ 10-12.

3

Complaint defines "Plaintiff" as "Patricia Kennedy, on behalf of all other similarly situated mobility-impaired individuals."  Reply at 1; Compl. at 1.  Yet, as Ms. Grova points out, the Complaint contains a number of grammatical inconsistencies which present confusion as to whether Plaintiff purports to bring her claim on behalf of a single individual or a representative group.  See Reply at 2-3; compare Compl. ¶ 13 (referring to "Plaintiff" as "themselves" and "they"), id. ¶ 17 (referring to "Plaintiff" as "them"), id. ¶ 16 ("The Plaintiff require"), and id. ¶ 18 ("Plaintiff have"), with Compl. ¶ 10 ("Plaintiff has visited the property"), id. ¶ 11 ("barriers . . . denied or diminished Plaintiff's ability to visit the property and endangered her safety"),and id. ¶ 14 ("Defendants have discriminated against the individual Plaintiff").  One paragraph even alleges, "Defendants have discriminated against the individual and corporate Plaintiff," id. ¶ 17, but the Complaint does not name a corporate plaintiff.  Meanwhile, the arguments in Plaintiff's response indicate that she may have intended to bring her claims individually, see, e.g., Resp. at 8 ("Plaintiff is individually named, is disabled, and alleges that she visited the property, personally encountered barriers to access, and intends to return in the future."), but and nothing in the Complaint states that Plaintiff brings any claims

---

      Ms. Grova notes that the Complaint lacks factual details regarding the date and time that Plaintiff visited the strip mall, but Ms. Grova fails to identify any authority for the proposition that the absence of such information is fatal to an ADA claim.  See Mem.; Reply. Rather, this is "precisely the type of information to be obtained in discovery." Lucibello v. McGinley, No. 2:07-cv-217-FtM-34SPC, 2008 WL 398981, at *7 (M.D. Fla. Feb. 12, 2008) (ADA complaint survived motion for more definite statement despite lack of information on date and time because defendants could obtain this information in discovery).  The fact that Ms. Grova might be "unable to evaluate the applicability of any statute of limitations bar or the prior settlement [in a related case]," and that such information might ultimately be useful in a defense, see Reply at 3, does not bar Plaintiff's claim from proceeding.
      However, given that Plaintiff will have an opportunity to re-plead her Complaint, it might be helpful to include information regarding the date and time that she visited the strip mall property at issue.

individually.

In sum, the language in the Complaint is confusing.  The Court cannot determine whether Plaintiff brings her claims individually, in some associational or representative capacity, or as a class action.[2]  As such, the Complaint does not meet Rule 8's requirement to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Accordingly, the Court will dismiss the Complaint without prejudice and require that before re-filing, Plaintiff edit her pleading to eliminate any internal consistencies or typos and clarify the capacity in which she brings her claims.[3]

### B. Plaintiff Fails to Demonstrate Standing in a Representative Capacity

Because Plaintiff will have an opportunity to re-plead her claims, the Court addresses the remaining arguments regarding standing.  A case cannot proceed in federal court if the plaintiff does not have standing.  Valley Forge Christian Coll. v. Am. United for Separation of Church & State, 454 U.S. 464, 471 (1982); see also Stalley v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." (internal quotations omitted)).  Where, as here, the attack on standing is facial, the district court

---

[2] The Civil Cover Sheet [DE 1-1] does not indicate that Plaintiff intended to file a class action.

[3] Despite Ms. Grova's request for dismissal with prejudice, dismissal will be without prejudice and with leave to amend.  Federal Rule of Civil Procedure 15(a)(2) requires that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Ms. Grova "has not put forth any ground to establish 'futility of amendment' to justify a dismissal with prejudice."  See Resp. at 8 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Therefore, justice requires that Plaintiff receive an opportunity to clarify her Complaint and re-plead her claims.

must take the allegations in the complaint as true when deciding the motion. See Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (plaintiff receives the benefit of "safeguards similar to those provided in opposing a Rule 12(b)(6) motion—the court must consider the allegations of the complaint to be true."); Stalley, 524 F.3d at 1233.

Ms. Grova argues that Plaintiff lacks standing because she fails to plead an injury-in-fact and redressability, and because she fails to allege a real and immediate threat of future discrimination. In accordance with the above discussion, the Court agrees that Plaintiff fails to show that she has standing in a representative capacity. However, to the extent that Plaintiff intended to bring her claims in an individual capacity, the Court finds that Plaintiff has standing to bring such claims.

To establish constitutional standing, Plaintiff must demonstrate that (1) she suffered an injury in fact; (2) the injury was causally connected to the defendant's action; and (3) the injury will be redressed by a judgment in the plaintiff's favor. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Shotz v. Cates, 256 F.3d 1077, 1081 (11th Cir. 2001) (applying Lujan standing test to ADA case). Ms. Grova contends that Plaintiff has not demonstrated that she suffered an injury-in-fact or that her injury will be redressed by a judgment in her favor. A review of the Complaint shows that Plaintiff has pled both elements in an individual capacity. Specifically, the Complaint alleges that Plaintiff suffered an injury-in-fact because she "visited the property located at 10934 Wiles Road, Coral Springs, Broward County, Florida," Compl. ¶ 10, "encountered barriers at the subject property," id., and "[t]he barriers to access at Defendant's property have denied or diminished Plaintiff's ability to visit the property and endangered her safety," id. ¶ 11. The Complaint also pleads that Plaintiff suffers a

6

"realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described property." Id. ¶ 13.  Finally, a judgment in Plaintiff's favor will redress the harm she described by remedying the alleged violations.  See id. at 7 (describing relief sought).  Read in the light most favorable to Plaintiff, if Plaintiff brings her claims individually, then she has standing.  Of course, as discovery proceeds, Plaintiff will bear the burden of proving that he was in fact injured, or subject to discrimination, as a result of the alleged violations, see S. Fla. Stadium Corp., 161 F. Supp. 2d at 1365; see also Access 4 All, Inc. v. Bamco VI, Inc., No. 11–61007–CIV, 2012 WL 33163 (S.D. Fla. Jan. 6, 2012), but she need not come forward with such proof at the motion to dismiss stage.

In addition, "a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." Wooden v. Bd. of Regents of Univ. Sys. of Ga., 247 F.3d 1262, 1284 (11th Cir. 2001)); Shotz, 256 F.3d at 1081 (affirming district court's dismissal of ADA claim for plaintiff's failure to allege real and immediate threat of future discrimination).  Plaintiff alleges a sufficiently real and immediate threat here.  Specifically, she pleads that she "plans to return to the property to avail [her]self of the goods and services offered to the public at the property," Compl. ¶ 10, and she has "a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described property," id. ¶ 13.  Considering the factual allegations in the Complaint as true, and accepting all reasonable inferences therefrom, if Plaintiff brings her claims individually, then she has standing for injunctive relief.  As with the injury-in-fact and redressability elements, Plaintiff will ultimately bear the burden of submitting proof that she actually intends to

return to the strip mall, but at this stage in the proceedings, her pleading is sufficient to survive dismissal on this basis if she brings her claims in an individual capacity. Nonetheless, as explained above, Plaintiff will need to file an Amended Complaint that complies with Rule 8 and clarifies whether she brings her claims in an individual or representative capacity.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant Arlene C. Grova's Motion to Dismiss Complaint [DE 34] is **GRANTED in part and DENIED in part**;

2. The Complaint [DE 1] is **DISMISSED without prejudice**;

3. Plaintiff Patricia L. Kennedy may file an Amended Complaint consistent with the above standards by no later than **February 2, 2012**;

4. Defendant's Answer will be due 14 calendar days from the filing of an Amended Complaint;

5. Plaintiff's failure to file an Amended Complaint by February 2, 2012 will result in the closing of this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of January, 2012.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

8