UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61354-CIV-COHN/SELTZER

PATRICIA L. KENNEDY,

    Plaintiff,

v.

STEVE M. GROVA and
ARLENE C. GROVA,

    Defendants.
_____/

## ORDER DENYING DEFENDANT ARLENE GROVA'S
## MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendant Arlene C. Grova's Motion to Dismiss Amended Complaint [DE 42] ("Motion"). The Court has considered the Motion and accompanying Memorandum of Law [DE 42-1] ("Memorandum"), Plaintiff Patricia L. Kennedy's Response [DE 43], the record in this case, and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

According to the Amended Complaint [DE 41], Plaintiff Patricia L. Kennedy is a wheelchair-bound individual with disabilities. Am. Compl. ¶ 10. Plaintiff alleges that she has encountered architectural barriers at a strip mall property that Defendants Steve M. Grova and Arlene C. Grova operated, owned, or leased. Id. ¶¶ 7-8, 10. Plaintiff claims that the barriers have denied or diminished her ability to visit the property, endangered her safety, and posed a risk of injury, embarrassment, and discomfort to her. Id. ¶ 11. She states that she wishes to continue patronizing and

---

[1] Ms. Grova did not file a Reply, and the time for doing so has passed.

using the premises in the future.  Id. ¶ 10.

Based on a preliminary inspection of the property, Plaintiff identified various violations under the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), including violations at the entrance, path of travel, and parking area.  Id. ¶ 15.  Accordingly, on June 15, 2011, Plaintiff filed this action for violation of the ADA.  Id.  Plaintiff seeks declaratory judgment, injunctive relief, attorneys fees, and costs.  Id. at 6-7.[2]

On January 19, 2012, the Court granted in part Ms. Grova's Motion to Dismiss Complaint [DE 34], dismissing the Complaint without prejudice and with leave to amend.  See Order Granting in Part Defendant Arlene Grova's Motion to Dismiss Complaint [DE 40] ("January 19th Order").  Thereafter, on January 20, 2012, Plaintiff filed her Amended Complaint.  Finally, on February 3, 2012, Ms. Grova filed the instant Motion, seeking to dismiss the Amended Complaint.

## II. DISCUSSION

Ms. Grova argues that Plaintiff's Amended Complaint fails to eliminate all internal inconsistencies, per the Court's express directive in the January 19th Order.  Plaintiff also argues that the Amended Complaint fails to plead an indispensable element for an ADA claim.  Plaintiff objects to both bases for dismissal.  As described blow, the Court finds that Plaintiff's pleading is sufficient to survive dismissal.

---

[2]     Though Plaintiff filed her initial Complaint against Defendants Steve M. Grova and Arlene C. Grova, on December 19, 2011, the Court entered an Order Quashing Service of Process and Vacating Clerk's Default Against Steve Grova [DE 30].  Therefore, the claims are currently pending only against Ms. Grova.  A summons [DE 44] was issued to Mr. Grova on February 17, 2012, but to date, there is no record that Mr. Grova has been properly served.

### A. The Complaint is Sufficiently Clear

In evaluating the initial Complaint, the Court previously found as follows:

> In sum, the language in the Complaint is confusing. The Court cannot determine whether Plaintiff brings her claims individually, in some associational or representative capacity, or as a class action. As such, the Complaint does not meet Rule 8's requirement to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, the Court will dismiss the Complaint without prejudice and require that before re-filing, Plaintiff edit her pleading to eliminate any internal [in]consistencies or typos and clarify the capacity in which she brings her claims.

January 19th Order at 5 (footnote omitted).

Ms. Grova suggests that Plaintiff has shown "blatant disregard of the Court's unambiguous directive," Mem. at 4, and points to several instances in the Amended Complaint where Ms. Grova contends that Plaintiff left "some question as to the true capacity in which she seeks to bring her lawsuit," id. at 2. Plaintiff responds that the Amended Complaint leaves no confusion that Plaintiff brings her claims in her individual capacity. The Court agrees with Plaintiff. Therefore, the Amended Complaint survives dismissal on this basis.

### B. Plaintiff States a Claim for Violation of Title III of the ADA

Title III of the ADA provides, in pertinent part, as follows:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). The statute provides a list of private entities which "are considered public accommodations for purposes of this subchapter, if the operations of such entities affect commerce." 42 U.S.C. § 12181(7). The list includes a "shopping

3

center, or other sales or rental establishment." See 42 U.S.C. § 12181(7)(E).[3] Similarly, the accompanying regulations provide that a "[p]lace of public accommodation means a facility operated by a private entity whose operations affect commerce and fall within at least one of the following categories . . . ," 28 C.F.R. § 36.104. The list of categories includes "shopping center, or other sales or rental establishment." Id. Further, the regulations define "commerce" as "travel, trade, traffic, commerce, transportation, or communication—(1) Among the several States; (2) Between any foreign country or any territory or possession and any State; or (3) Between points in the same State but through another State or foreign country." Id.

Ms. Grova complains for the first time in the instant Motion that Plaintiff fails to allege that the operations of the subject entity affect commerce. Mem. at 4. The Amended Complaint alleges that Defendants "operated, owned or leased a retail strip mall [the subject property]," Am. Compl. ¶ 7, and Defendants "own, lease, lease to, or

---

[3] Ms. Grova suggests that a retail strip mall does not fall within the list of private entities which are considered "public accommodations" as identified in 42 U.S.C. § 12181(7). The Court disagrees.

Courts are required to construe the language of the ADA broadly to accomplish the goal of the legislation. See PGA Tour, Inc. v. Martin, 532 U.S. 661, 675 (2001). "The phrase 'public accommodation' is defined in terms of 12 extensive categories, § 12181(7), which the legislative history indicates should be construed liberally to afford people with disabilities equal access to the wide variety of establishments available to the nondisabled." Id. at 676. One of the categories listed in the statute includes a "shopping center, or other sales or rental establishment." See 42 U.S.C. § 12181(7)(E). A retail strip mall falls within this category.

Additionally, ADA cases have previously involved retail strip malls. See, e.g., Disability Advocates & Counseling Group, Inc. v. Lopez, No. 06-CIV-22650, 2011 WL 1131535 (S.D. Fla. Mar. 25, 2011) (enforcing settlement of ADA lawsuit involving strip mall property); Vandeusen v. Bordentown Investors, LLC, No. 08-3207 (NLH), 2009 WL 235551 (D.N.J. Jan. 29, 2009) (denying without prejudice motion to dismiss for lack of standing in this ADA lawsuit involving strip mall property); Access 4 All, Inc. v. G & T Consulting Co., LLC, No. 06 Civ. 13736(DF), 2008 WL 851918 (S.D.N.Y. Mar. 28, 2008) (granting in part and denying in part motion to dismiss based on lack of standing in this ADA lawsuit involving strip mall property). Ms. Grova cites no authority for the proposition that a strip mall cannot be the subject of an ADA lawsuit.

4

operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104," id. ¶ 12.  Ms. Grova characterizes these allegations as "bare assertion[s] of legal conclusions."  Mem. at 7.  Plaintiff responds that "[b]y alleging that the retail strip mall owned, operated or leased by Defendant meets the definition of a 'public accommodation' under the provisions of the ADA and related CFR, Plaintiff has alleged that the subject property is not only a private entity, but one that affects interstate commerce."  Resp. at 6.  Considering the factual allegations in the Amended Complaint as true and accepting all reasonable inferences therefrom, as this Court is required to do at the motion to dismiss stage, see Jackson v. Okaloosa Cnty., Fla., 21 F.3d 1531, 1534 (11th Cir. 1994), the Court finds that the Amended Complaint states a claim for violation of Title III of the ADA.  Of course, throughout the course of the litigation, Plaintiff will ultimately bear the burden of proving her allegations, including that the operations of the strip mall affect commerce.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant Arlene C. Grova's Motion to Dismiss Amended Complaint [DE 42] is **DENIED**.  Ms. Grova shall file her Answer to the Amended Complaint by no later than **March 13, 2012**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 28th day of February, 2012.

_____
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF