UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-61354-CIV-COHN/SELTZER

PATRICIA L. KENNEDY,

       Plaintiff,

v.

STEVE M. GROVA and
ARLENE C. GROVA,

       Defendants.
_____/

## ORDER DENYING MOTION TO QUASH SERVICE AND MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Steve M. Grova's Motion to Quash Service of Process of Amended Complaint on Steve M. Grova and Motion to Dismiss the Action as to Steve M. Grova [DE 51] ("Motion"). The Court has considered the Motion, the Memorandum of Law in Support of the Motion [DE 51-1 at 1-10] ("Memorandum"), Plaintiff Patricia L. Kennedy's Response [DE 54], the applicable parts of the record in this case, and is otherwise fully advised in the premises.[1]

## I. BACKGROUND

On June 15, 2011, Plaintiff Patricia L. Kennedy filed this action against Defendants Steve M. Grova and Arlene C. Grova. See Complaint [DE 1]. Plaintiff purportedly served both Defendants on August 12, 2011 [DE's 10, 11]. When neither Defendant responded to the Complaint, Plaintiff obtained a Clerk's default [DE 14] against both of them on October 21, 2011.

Shortly thereafter, on November 18, 2011, Mr. Grova filed a Motion to Quash Service of Process and Vacate Clerk's Default Against Steve M. Grova [DE 19], and

---

[1] Mr. Grova has not filed a Reply, and the time for doing so has passed.

Mrs. Grova filed a Motion to Set Aside Clerk's Default Against Arlene Grova and to Grant Extension of Time for Her to File Response to Complaint [DE 21]. The Court granted both motions on December 9, 2011, vacating the Clerk's default as to both Defendants, quashing service as to Mr. Grova, and providing an extension of time for Mrs. Grova to respond to the Complaint. See Order Quashing Service of Process and Vacating Clerk's Default Against Steve Grova [DE 30]; Order Vacating Clerk's Default Against Arlene Grova and Granting Extension of Time to Respond to Complaint [DE 29]. Mrs. Grova then filed a Motion to Dismiss the Complaint [DE 34], which the Court granted in part on January 19, 2012 [DE 40].

The next day, Plaintiff filed the currently operative Amended Complaint [DE 41]. Once again, Plaintiff named as Defendants both Mr. Grova and Mrs. Grova. Id. In the instant Motion, Mr. Grova seeks to quash service of process of the Amended Complaint and to dismiss the entire action as against him. See Mot. at 1.

## II. DISCUSSION

Mr. Grova argues that the Court should quash service of process against him because service was defective. See Mem. at 1-5. He also asserts that the entire action against him should be dismissed, because service was not perfected within 120 days of the filing of the original Complaint. See id. at 6. For the reasons discussed below, the Court will deny Mr. Grova's Motion and require him to respond to the Amended Complaint.

### A. Motion to Quash Service of Process

Mr. Grova contends that service was improper because (1) the Return of Service only mentions service of the summons, not the Amended Complaint, and (2) Mr. Grova

was not "individually served." Mem. at 2.  In support, Mr. Grova points to the original Return of Service [DE 47], in which John A. Torres of Tony Tamayo & Associates affirmed, "on the 29th day of February 2012 at 7:55 p.m., I: Individually Served the within named person [Mr. Grova] with a true copy of this SUMMONS IN A CIVIL ACTION with the date and hour endorsed thereon by me, pursuant to Florida State Statutes 48.031 or state statute as applicable."  Return of Service at 1.  Mr. Grova also submits the Affidavit of Steve M. Grova [DE 15-1 at 7-8] and the Affidavit of his wife, Jacqueline D. Grova [DE 15-1 at 9-10], in which both affiants swear that they were never served.  See Affidavit of Steve M. Grova ¶ 2; Affidavit of Jacqueline D. Grova ¶ 2.

"Once the sufficiency of service is brought into question, the plaintiff has the burden [to prove] proper service of process." Cornwall v. Miami-Dade County Corr. & Rehab. Dept., No. 10-23561-CIV, 2011 WL 3878352, at *2 (S.D. Fla. Aug. 31, 2011) (citing Banco Latino, S.A.C.A. v. Gomez Lopez, 53 F. Supp. 2d 1273, 1277 (S.D. Fla. 1999)).  "If a plaintiff makes a *prima facie* showing of proper service, the burden shifts back to the defendant to bring strong and convincing evidence of insufficient process." Hollander v. Wolf, No. 09-80587-CIV, 2009 WL 3336012, at *3 (S.D. Fla. Oct. 14, 2009).  "The Court may look to affidavits, depositions, and oral testimony to resolve disputed questions of fact."  Id.

First, the contention that service was improper because the Return of Service did not mention the Amended Complaint is now moot due to the filing of the Amended Return of Service [DE 55], in which Mr. Torres affirmed that he served Mr. Grova "with a true copy of this SUMMONS IN A CIVIL ACTION AND AMENDED COMPLAINT." Amended Return of Service at 1 (emphasis added).  Florida law provides that a return

3

of service "is amendable to state the facts . . . at any time on application to the court from which the process issued.  On amendment, service is as effective as if the return had originally stated the omitted facts . . . ."  Fla. Stat. § 48.21(2).  Additionally, in the Affidavit of John Torres [DE 54-1], Mr. Torres swears that, at the time of service, he "informed Mr. Grova . . . that he was being served with a summons and the amended complaint," id. ¶ 10, and "affixed the summons and amended complaint to the front door of the residence," id. ¶ 11, but "[i]n preparing the return of service on Mr. Grova, [Mr. Torres] inadvertently failed to list the amended complaint as being in the papers which had been served on him," id. ¶ 12.  As such, the Court accepts the Amended Return of Service, which is effective as if the original Return of Service had included mention of the Amended Complaint.  See Fla. Stat. § 48.21(2).  Therefore, Mr. Grova's argument regarding the Return of Service's failure to mention the Amended Complaint is now moot.

      Second, the argument that service was improper because Mr. Grova was not "individually served" also fails.  Under Florida law, service is proper if a party being served attempts to avoid service, and the process server "leaves the papers at a place from which such person can easily retrieve them and takes reasonable steps to call such delivery to the attention of the person to be served." Olin Corp. v. Haney, 245 So. 2d 669, 670-71 (Fla. Dist. Ct. App. 1971).  The Affidavit of John Torres establishes the following facts: Upon knocking on Mr. Grova's front door, Mr. Torres heard a dog bark inside the residence, Affidavit of John Torres ¶ 5; He asked for Steve M. Grova, and a man inside the house advised that he was Steve Grova, id. ¶ 6; Mr. Torres stated that he was an Officer of the Court with Broward County, id. ¶ 7, and he heard Mr. Grova tell

4

a woman inside that a process server was at the door, id. ¶ 8; When Mr. Grova refused to open the door, Mr. Torres informed him that he was being served in this lawsuit with a Summons and the Amended Complaint, and affixed the documents to the front door of the residence, id. ¶¶ 9-11.  The Affidavits of Steve M. Grova Jacqueline D. Grova confirm that a person knocked on the Grovas' front door on the evening of February 29, 2012, and that Mr. Grova did not open the door.  Affidavit of Steve M. Grova ¶ 3; Affidavit of Jacqueline D. Grova ¶ 3.  Although neither Mr. Grova nor his wife recalls Mr. Torres identifying him self by name or explaining why he was there, they both remember that the knock triggered "an outburst of loud barking by [their 120-pound dog]," and Mr. Grova noted that during his communications with the man at the door, he "struggled to restrain and calm the dog," Affidavit of Steve M. Grova ¶¶ 3, 4; Affidavit of Jacqueline D. Grova ¶¶ 3, 4.  Also, Mr. Grova's Motion acknowledges that "it is logical to assume that the individual who knocked on Steve Grova's door the same night service is reported as having been made was, in fact, process server John A. Torres," Mem. at 5.  Finally, although Mr. Grova and his wife assert that neither of them was personally served, Affidavit of Steve M. Grova ¶ 2; Affidavit of Jacqueline D. Grova ¶ 2; Mem. at 5, both affidavits are silent as to whether the Summons and Amended Complaint were readily accessible on the front door of their residence, as Mr. Torres claimed them to be.  Mr. Grova had an opportunity to submit evidence refuting Mr. Torres's testimony by filing a Reply, but he failed to do so.

      Together, the affidavits on file show that Mr. Grova attempted to avoid service by refusing to open his door, and Mr. Torres notified Mr. Grova that he was being served and left the papers, both the Summons and Amended Complaint, on Mr. Grova's front

door, a place where Mr. Grova could readily access them.  Therefore, service was proper under Florida law.  See Olin Corp., 245 So. 2d at 670-71; see also S.E.C. v. Reinhard, 352 Fed. App'x 309, 313 (11th Cir. 2009) ("Where, as here, the person to be served answers the door and then retreats into his residence, only to find the service papers at his door at a later date, process is deemed sufficient under Florida law."); Palamara v. World Class Yachts, Inc., 824 So. 2d 194, 194-95 (Fla. Dist. Ct. App. 2002) (evidence sufficient to support proper service where "appellant ran inside and would not come out[ and] testimony showed that appellant was informed of the contents of the notice, that the notice was placed on the door through which appellant later came out, and that the appellant had picked the papers up."); Liberman v. Commercial Nat'l Bank of Broward Cnty., 256 So. 2d 63, 63-64 (Fla. Dist. Ct. App. 1971) (service was proper where appellant "sought to avoid service of process by the expedient of running into his house and closing the door upon seeing the process server approach, [and t]he process server (a deputy sheriff) testified that, being thus frustrated by [appellant's] conduct, he then left the copy of process and suit papers in the mail box, [and s]hortly thereafter, he observed [appellant] come out of the house, go to the mail box, remove the papers therefrom, and return to the house.").  Accordingly, the request to quash service will be denied.

### B. Motion to Dismiss

Mr. Grova next argues that this entire action should be dismissed as against him for Plaintiff's failure to serve him within the time limit imposed by the Federal Rules of Civil Procedure.  Mem. at 6.  Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after

6

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

As Mr. Grova points out, the original Complaint was filed on June 15, 2011, but service was not complete until February 29, 2012, well over 120 days later. See Mem. at 6; Compl.; Amended Return of Service. Plaintiff responds that she served Mr. Grova with the Amended Complaint within 120 days after the Amended Complaint was served and the accompanying Summons was issued. Resp. at 3; see also Amended Complaint (filed on January 20, 2012); Summons (issued on February 17, 2012). However, "the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." Bolden v. City of Topeka, Kan., 441 F.3d 1129, 1148 (10th Cir. 2006) (citing Carmona v. Ross, 376 F.3d 829 (8th Cir. 2004), 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137, at 377 (3d ed.2002), and 1 James Wm. Moore et al., Moore's Federal Practice § 4.80 (3d ed.1997)); see also Lindley v. City of Birmingham, Ala., 452 Fed. App'x 878, 880 (11th Cir. 2011) (restarting the 120-day time limit with the filing of an amended complaint only because the amended complaint named a new defendant). "This construction of the rule prevents the plaintiff from repeatedly filing amended complaints 'to extend the time for service indefinitely.'" Bolden, 441 F.3d at 1148 (quoting Del Raine v. Carlson, 826 F.2d 698, 705 (7th Cir. 1987)). Mr. Grova was not newly added in the Amended Complaint, so the 120-day period to serve him did not restart with the filing of the Amended Complaint. See id.

Nonetheless, Rule 4(m) also provides that "if the plaintiff shows good cause for the failure [to serve a defendant within 120 days], the court must extend the time for

7

service for an appropriate period." Fed. R. Civ. P. 4(m). Based on the fact that Plaintiff initially attempted to serve Mr. Grova with the original Complaint within the 120-day time limit and did not delay in serving him with the Amended Complaint, the Court finds good cause for an extension of time under Rule 4(m). Mr. Grova's Co-Defendant, Mrs. Grova, only filed her Answer [DE 48] to the Amended Complaint last month, the discovery period has not yet closed, see Scheduling Order [DE 37], and trial remains over three months away, see id. Therefore, the Court finds it appropriate to extend the time for service until February 29, 2012, the date on which Mr. Grova was served. Accordingly, the request to dismiss this action against Mr. Grova for failure to serve him within the time limit provided by the Federal Rules of Civil Procedure will be denied.

### IV. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Steve M. Grova's Motion to Quash Service of Process of Amended Complaint on Steve M. Grova and Motion to Dismiss the Action as to Steve M. Grova [DE 51] is **DENIED**. Defendant Steve M. Grova shall respond to the Amended Complaint [DE 41] by no later than **April 30, 2012**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 19th day of April, 2012.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF